1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                  **SOUTHERN DISTRICT OF CALIFORNIA**
10
| | |
|---|---|
| RAFAEL PEREZ,<br>CDC #V-55072,<br><br>                                   Plaintiff,<br><br><br><br>                    vs.<br><br><br><br>K. LOPEZ, et al.<br><br><br><br>                          Defendants. | Civil        07-0352 JM (NLS)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS***, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

        Plaintiff, Rafael Perez, a state prisoner currently incarcerated at California State
Prison-Los Angeles County in Lancaster, California and proceeding pro se, has filed a
civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350
filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In
Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].
////

**I.      Motion to Proceed IFP [Doc. No. 2]**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).  Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850.  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  Plaintiff's trust account statement shows an average monthly balance of zero, and an average monthly deposit of zero for the 6-month period immediately preceding the filing of his Complaint.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant

1   to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

2   a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see*

3   *also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C.

4   § 1915A).

5       "[W]hen determining whether a complaint states a claim, a court must accept as

6   true all allegations of material fact and must construe those facts in the light most

7   favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting

8   that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

9   In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi*

10  *v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important

11  in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

12      **A.    Constitutional Claims**

13      Section 1983 imposes two essential proof requirements upon a claimant:  (1) that

14  a person acting under color of state law committed the conduct at issue, and (2) that the

15  conduct deprived the claimant of some right, privilege, or immunity protected by the

16  Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451

17  U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327,

18  328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

19      **1.    Rule 8**

20      In Plaintiff's Complaint, he makes a vague and general allegation that since he has

21  been incarcerated at Centinela State Prison he has been "singled out, narrowed out and

22  discriminated against, lied to, maliciously with criminal intent."   (Compl. at 7.)

23  Moreover, Plaintiff claims that  he has been "beaten, assaulted, attacked and even shot

24  and almost killed several times" by the named Defendants.  (*Id.*) While these are serious

25  allegations, Plaintiff must set forth more detailed factual allegations regarding the claims

26  against each individual Defendant.  Based on the failure to provide any specific factual

27  allegation, the Court finds that  Plaintiff's Complaint fails to comply with FED. R. CIV.

28  P. 8(a), which provides that a complaint "shall contain (1) a short and plain statement of

the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a).  Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## 2.    Personal Liability & Causation

In addition, the Court finds that Plaintiff has failed to identify with specificity what these Defendants did to violate Plaintiff's constitutional rights.  A person may be said to deprive another "of a constitutional right, within the meaning of section 1983, [only] if he does an affirmative acts, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duff*, 588 F.2d 740, 743 (9th Cir. 1978).  "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th. Cir. 1999).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).  Section 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of Plaintiff's constitutionally protected rights. *Johnson*, 588 F.2d at 743.

Thus, to the extent that Plaintiff wishes to state any constitutional claim against any of the individual persons he lists in his Complaint, he must amend his pleading to allege facts which explain what each of these individuals did, or failed to do, and why he believes those acts or omissions amounted to a violation of the specific constitutional rights. *Id.*, *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)("In order for

1  a person acting under color of state law to be liable under § 1983, there must be a

2  showing of personal participation in the alleged rights deprivation.").

3      Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983

4  claim upon which relief may be granted, and is therefore subject to dismissal pursuant to

5  28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an

6  opportunity to amend his pleading to cure the defects set forth above.

7  **III.   Conclusion and Order**

8      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

9      1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No.

10  2] is **GRANTED**.

11      2.   The Secretary of California Department of Corrections and Rehabilitation,

12  or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the

13  filing fee owed in this case by collecting monthly payments from the account in an

14  amount equal to twenty percent (20%) of the preceding month's income and forward

15  payments to the Clerk of the Court each time the amount in the account exceeds $10 in

16  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY

17  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

18      3.   The Clerk of the Court is directed to serve a copy of this Order on James

19  Tilton, Acting Secretary, California Department of Corrections and Rehabilitation, 1515

20  S Street, Suite 502, Sacramento, California 95814.

21      **IT IS FURTHER ORDERED** that:

22      4.   Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28

23  U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2).  However, Plaintiff is

24  **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in

25  which to file a First Amended Complaint which cures all the deficiencies of pleading

26  noted above.  Plaintiff's Amended Complaint must be complete in itself without

27  reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not

28

1    named and all claims not re-alleged in the Amended Complaint will be deemed to have

2    been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3            Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief

4    may be granted, it may be dismissed without further leave to amend and may hereafter

5    be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d

6    1172, 1177-79 (9th Cir. 1996).

7            5.      The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

8            **IT IS SO ORDERED.**

9

10   DATED:  June 27, 2007

11                                                   _____
                                                     Hon. Jeffrey T. Miller
12                                                   United States District Judge